UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

EDDIE JIMENEZ-MARTINEZ,

    Petitioner,

v.                                       Case No. 5:14cv160/RH/CJK

JULIE L. JONES,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

Before the court is an amended petition for writ of habeas corpus filed under 28 U.S.C. § 2254. (Doc. 5). Respondent moves to dismiss the petition as untimely and procedurally barred, providing relevant portions of the state court record. (Doc. 21, *see also* Doc. 16). Petitioner has not responded in opposition to the motion, although invited to do so. (*See* Doc. 22). The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After careful consideration, the undersigned concludes that no evidentiary hearing is required for the disposition of this matter. Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts. The undersigned further concludes that the pleadings and attachments before the court show that the petition is untimely and should be dismissed.

BACKGROUND AND PROCEDURAL HISTORY

On June 3, 2010, petitioner pleaded no contest to four charges in Okaloosa County Circuit Court (Case Nos. 2010-CF-000137; 2010-CF-000195; and 2010-CF-000196). Specifically, petitioner pled no contest to two counts of robbery with a deadly weapon, one count of aggravated battery with great bodily harm, and one count of burglary of a dwelling with assault. (Doc. 16, Attach., pp. 1-4, 9-14). For all counts, petitioner received concurrent sentences of 15 years imprisonment. (*Id.*, pp. 9-14).[1] Judgment was rendered June 30, 2010. (*Id.*, p. 9). Petitioner did not appeal from the judgment, or file any postconviction motions. (Doc. 5, pp. 1-4, 5-12; Doc. 16, Attach., pp. 1-4).

Petitioner initiated this federal habeas proceeding on July 2, 2014. (Doc. 1). Petitioner's amended petition presents the following claims:

> Ground One: "Legal innefficiency [sic]. Lawyer did not explain to me any evaluation (mental, drug addiction, [illegible]) before trial or plea bargain: misleading element of bargain. No extradiction [sic] bill rights acts of immigration ever enforced as required due to gratuitous promises, where in fact there has been no consideration at all."
>
> Ground Two: "Fact #1 Do you feel correct the manner to treat, a crime where it institutes a direct attack to a person involving the diminished action of me asking for $5.00? What criminal in his sanity would ask for $5.00 [illegible]? Only me acting in that state of mind. There was never a mental evaluation, drug addition evaluation before trial or plea bargaining. No chance to describe the simplicity of the crime."

---

[1] Some of petitioner's offenses carried the possibility of life sentences. (Doc. 16, pp. 9-14).

> Ground Three: "To support all the need to be retrial at this U.S. District Court: attached hereby is the original habeas corpus submitted with a proper form [illegible]."

(Doc. 5, pp. 5-8). As relief, petitioner seeks the following:

> Enter an order authorizing petitioner release from involuntary placement at Holmes Correctional Institution Facility and be delivered to proper I.C.E. unit according to Bill Wright Act of Immigration or issue a writ of habeas corpus commanding the administration of the Holmes C.I. to produce the body of your Petitioner before this Honorable Court for a hearing on the petition for writ of habeas corpus.

(Doc. 5, p. 14).

On December 29, 2014, respondent filed a Motion to Dismiss for Failure to State a Cause of Action, or For a More Definite Statement. (Doc. 16). In an order issued April 29, 2015, the undersigned granted the motion to the limited extent that petitioner's amended petition was clarified as attacking petitioner's June 30, 2010 criminal judgment on the ground that his no contest plea was invalid due to counsel's ineffective assistance during the plea bargaining process by failing to investigate and advise petitioner of the viability of an insanity or "drug addiction" defense. (Doc. 19). The April 29, 2015 order provided that if the foregoing interpretation was **not correct**, petitioner must notify the court on or before **May 18, 2015**. Petitioner did not notify the court that this interpretation of his petition was incorrect.

On May 26, 2015, respondent filed a renewed motion to dismiss the petition as untimely and procedurally barred. (Doc. 21). Petitioner was provided thirty days to respond. (Doc. 22). To date, petitioner has not responded.

## DISCUSSION

Because petitioner filed his § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the

AEDPA governs this petition. *Lindh v. Murphy*, 521 U.S. 320, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997). AEDPA establishes a 1-year period of limitation for a state prisoner to file a federal application for a writ of habeas corpus. 28 U.S.C. § 2244(d)(1). The limitations period runs from the latest of:

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2244(d)(1). The limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review" is pending. 28 U.S.C. § 2244(d)(2).

Petitioner has not asserted that a State-created impediment to his filing a federal habeas petition existed, that he bases his claims on a right newly recognized by the United States Supreme Court, or that the facts supporting his claims could not have been discovered through the exercise of due diligence before his conviction became final. Accordingly, the statute of limitations is measured from the remaining trigger, which is the date on which petitioner's conviction became final. *See* 28 U.S.C. § 2244(d)(1).

Petitioner did not appeal from his judgment of conviction. Accordingly, petitioner's judgment became final for purposes of § 2244(d)(1)(A) on July 30, 2010, which is 30 days after rendition of the June 30, 2010 judgment. *See* FLA. R. APP. P. 9.140(b)(3) (an appeal by a defendant in a criminal case is commenced by filing a notice of appeal "at any time between the rendition of a final judgment and 30 days following rendition of a written order imposing sentence."); *see also* FLA. R. APP. P. 9.020(h) (defining "rendition" as the filing of the signed, written order); *Gust v. State*, 535 So.2d 642 (Fla. 1st DCA 1988) (holding that if a defendant does not appeal his conviction or sentence, his judgment of conviction becomes final when the 30-day period for filing a direct appeal expires); *Bridges v. Johnson*, 284 F.3d 1201, 1202 (11th Cir. 2002) (holding that where habeas petitioner did not seek direct review of his judgment of conviction or sentence, his judgment of conviction (entered upon his guilty plea) became "final" for purposes of § 2244 on the date the time for seeking direct review expired), *abrogated on other grounds by Wall v. Kholi*, 562 U.S. 545, 131 S. Ct. 1278, 179 L. Ed. 2d 252 (2011); *see also Gonzalez v. Thaler*, — U.S. —, 132 S. Ct. 641, 653-54, 656, 181 L. Ed. 2d 619 (2012) (holding that if a state prisoner does not pursue the highest level of review available to him in the state court system, he is not entitled to the additional 90 days for seeking certiorari review in the Supreme Court of the United States).

The limitations period began to run on July 31, 2010, and expired one year later on August 1, 2011.[2] *See San Martin v. McNeil*, 633 F.3d 1257, 1266 (11th Cir. 2011) (holding that Federal Rule of Civil Procedure 6(a)(1) applies to calculation of AEDPA's one-year limitations period; thus, the limitations period begins to run from

---

[2] July 31, 2011, was a Sunday.

the day after the day of the event that triggers the period); *McCloud v. Hooks*, 560 F.3d 1223, 1229 (11th Cir. 2009) (calculating expiration of limitations period as one year from the day after the judgment became "final" under § 2244(d)(1)).

Petitioner did not file his federal habeas petition until July 2, 2014. The petition is untimely. Petitioner has not established entitlement to equitable tolling or any exception to the limitations period. Petitioner's failure to timely file his federal petition requires dismissal of this case. In light of this decision, the court need not address respondent's procedural default defense.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The petitioner in this case fails to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S. Ct. 1595, 1603-04, 146 L. Ed. 2d 542 (2000) (explaining the meaning of this term) (citation omitted). Therefore, the court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rule 11(a), Rules Governing Section 2254 Cases. If there is an objection to this recommendation by either party, that party may bring such argument to the

attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully RECOMMENDED:

1.  That respondent's motion to dismiss (doc. 21) be GRANTED to the extent it seeks dismissal of the petition as untimely.

2.  That the amended petition for writ of habeas corpus (doc. 5), challenging petitioner's judgment of conviction and sentence in *State of Florida v. Eddie Jimenez-Martinez* in the Circuit Court for Okaloosa County, Florida, Case Nos. 2010-CF-000195, 2010-CF-000137, and 2010-CF-000196, be DISMISSED WITH PREJUDICE.

3.  That the clerk be directed to close the file.

4.  That a certificate of appealability be DENIED.

At Pensacola, Florida this 2nd day of October, 2015.

*/s/ Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**


NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of objections shall be served upon the magistrate judge and all other parties.  A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.